UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAMONICA HUMMEL,

    Plaintiff,

    v.

MICHAEL SMITH, *et al.*,

    Defendants.

Case No. C09-1268RSL

ORDER DENYING
MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to remand this case to King County Superior Court. Plaintiff contends that although she asserted a claim in her complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), defendants improperly removed this case and the Court lacks subject matter jurisdiction. Plaintiff also seeks an award of her attorney's fees incurred in moving to remand. For the reasons set forth below, the Court denies the motion in its entirety.

## II. DISCUSSION

In August 2009, plaintiff filed her complaint in King County Superior Court alleging that her former supervisor, defendant Michael Smith, sexually harassed her and subjected her to a hostile work environment. The complaint asserts causes of action for sexual harassment and

ORDER DENYING
MOTION TO REMAND - 1

1  wrongful discharge.  In addition to Mr. Smith, plaintiff has sued Smith's wife, their marital
2  community, her former employer Spruce Ventures, LLC d/b/a Prudential Northwest Realty
3  Associates, and Prudential Real Estate Financial Services of America, Inc. (collectively,
4  "defendants").  Defendants promptly removed the case to this Court.

**A.     Jurisdiction.**

As the parties asserting federal court jurisdiction, defendants have the burden of proving that it exists.  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Where, as here, the parties are not diverse, the court must determine whether the complaint affirmatively alleges a federal claim.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  Under the "well-pleaded complaint rule," federal jurisdiction is present "only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Caterpillar, 482 U.S. at 392.

In this case, plaintiff's complaint contains much more than mere incidental references to federal law; the complaint explicitly states a claim under Title VII.  In Section 4, titled "Cause of Action for Sexual Harassment and Wrongful Discharge," the complaint states, "Defendants' Conduct violated Title VII of the Civil Rights Act of 1964, as Amended, and RCW 49.60."  Complaint at ¶ 4.7.  In the "Jurisdiction" section, the complaint states, "This court has jurisdiction of [sic] this matter under RCW 49.60 and the United States Civil Rights Act of 1964, as Amended, 42 U.S.C. 2000(B)(a), et seq. [sic]."  Id. at ¶ 5.  The damages section contains two more references to Title VII, praying for an award of punitive damages "pursuant to Title VII of the Civil Rights Acts [sic] of 1964, as amended, and the Civil Rights Act of 1991."  Id. at ¶ 7.4; see also id. at ¶ 6.2.4 (demanding attorney's fees, costs, and expenses under Title VII).  Those sections assert a claim under Title VII, assert the existence of jurisdiction thereunder, and demand relief pursuant to Title VII, leading to the inescapable conclusion that plaintiff's

complaint contains a federal question on its face.

Despite the clear assertions she chose to make in her complaint, plaintiff nevertheless claims that defendants improperly removed this case. She contends that this Court lacks jurisdiction over her case because she did not file a charge with the Equal Employment Opportunity Commission ("EEOC"), a fact that she contends defendants should have known. However, the propriety of removal is determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692-93 (9th Cir. 2005). Accordingly, defendants' knowledge or what it might have discovered through investigation is irrelevant. Moreover, the Supreme Court and the Ninth Circuit have held that filing an EEOC charge is a precondition to a Title VII claim, but not a jurisdictional prerequisite. See, e.g., Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("filing changes with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court."); Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008) (explaining that the failure to obtain a right to sue letter "does not preclude federal jurisdiction"). Moreover, the exhaustion requirement is subject to tolling and waiver, issues beyond the scope of the well-pleaded complaint and this motion. Therefore, although plaintiff's failure to file a charge may ultimately result in the dismissal of that claim, it does not deprive the Court of jurisdiction.

Furthermore, plaintiff's attempt to disavow a Title VII claim now is unavailing; the propriety of removal is judged based on the pleadings as they existed at the time of removal. See e.g., Eagle v. AT&T, 769 F.2d 541, 545 (9th Cir. 1985). Despite plaintiff's reliance on her own failure to file an EEOC charge, a plaintiff is not entitled to "effectuate remand by pointing out the flaws in her own complaint, in effect arguing the dismissal of that claim." Barraclough v. ADP Auto. Claims Services, Inc., 818 F. Supp. 1310, 1311 (N.D. Cal. 1993) (internal citation and quotation omitted). Rather, the merits of the claim is a separate issue for later resolution.

Finally, plaintiff contends that the failure to file an EEOC charge is not fatal to her ability

to pursue a Title VII claim in state court. Regardless of the merits of that argument, it misses the point: the assertion of a federal claim conveys jurisdiction on this Court. The fact that plaintiff is apparently still pursuing a Title VII claim and the remedies thereunder only underscores the existence of jurisdiction.[1] Accordingly, plaintiff's motion to remand, and her related request for attorney's fees and costs for improper removal, are denied.

**B.     Attorney's Fees.**

Defendants Spruce Ventures LLC and The Prudential Real Estate Financial Services of America, Inc. request an award of attorney's fees and costs for having to oppose plaintiff's motion for remand. Defendants Michael and Sandy Smith, who are represented by different counsel, did not request fees and costs. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This Court's General Rule 3(d) provides that the Court can impose sanctions for similar conduct.

The Court finds that plaintiff has violated both Section 1927 and GR 3(d) by filing a motion to remand despite explicitly asserting a Title VII claim on the face of her complaint. She has forced defendants to incur needless costs opposing her frivolous motion to remand and her even more frivolous request for an award of her own attorney's fees incurred in filing that motion. In addition, plaintiff filed a complaint asserting a Title VII claim that she now readily admits, indeed strenuously argues, lacks merit, which begs the question of why she filed it in the first place. Despite that admission, plaintiff states in her reply that if this case were remanded, she would continue to seek remedies in state court that are only available under Title VII. The only explanation for plaintiff's actions is an attempt to manipulate the forum. Plaintiff's attempt to receive the benefits of a Title VII claim, while disavowing the claim for purposes of seeking

---

[1] If the Title VII claim is ultimately dismissed, whether at plaintiff's request or by a dispositive motion, the Court will consider whether to exercise supplemental jurisdiction over plaintiff's remaining state law claims. That consideration is premature at this point.

ORDER DENYING
MOTION TO REMAND - 4

remand, is disingenuous and has wasted the resources of the defendants and this Court. For these reasons, defendants' request for sanctions is granted. The Court will award all of the defendants their attorney's fees, even though the Smiths did not move for them, because they, like the rest of the defendants, are entitled to them under GR 3.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion to remand (Dkt. #8). Within twenty days of the date of this order, defendants should submit a declaration from their counsel setting forth the attorney's fees incurred in responding to plaintiff's frivolous motion to remand with supporting billing records.[2]

DATED this 22nd day of October, 2009.

Robert S. Lasnik
United States District Judge

---

[2] The declaration of counsel from Lane Powell PC asserting that his clients have incurred "in excess of $1500" opposing the motion is too vague and unsupported to support an award of attorney's fees.

ORDER DENYING
MOTION TO REMAND - 5