UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAMONICA HUMMEL,

    Plaintiff,

v.

MICHAEL SMITH, *et al.*,

    Defendants.

Case No. C09-1268RSL

ORDER GRANTING IN PART MOTION TO AMEND AND REMANDING CASE

# I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to voluntarily dismiss her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and to amend her complaint to remove that claim. Defendant does not oppose the dismissal of the Title VII claim, but opposes plaintiff's insertion of a request for "punitive damages to the extent allowed by RCW 49.60." Proposed Amended Complaint at ¶ 7.4.

# II. DISCUSSION

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The Court grants plaintiff's request to voluntarily dismiss her Title

ORDER GRANTING IN PART MOTION
TO AMEND AND REMANDING CASE - 1

VII claim and to amend her complaint accordingly. However, plaintiff will not be permitted to add a claim for punitive damages under RCW 49.60 because such a claim would be futile. See, e.g., Martini v. Boeing, 137 Wn.2d 357, 368 (1999) (explaining that punitive damages are unavailable for claims under the Washington Law Against Discrimination, RCW 49.60).

Having allowed plaintiff to dismiss her Title VII claim, which was the basis for this Court's jurisdiction, the Court must consider whether to exercise supplemental jurisdiction over plaintiff's remaining state law claims. This Court has the discretion to remand the case to state court even though it was properly removed. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). The Court considers whether a remand or retention of the case would better serve the principles of economy, convenience, fairness, and comity. Id.; id. at 350 n.7 (noting that "in the usual case" the balance of factors will weigh towards remanding pendent state law claims); see also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (recognizing "that it is generally preferable for a district court to remand remaining pendent claims to state court"). This case is in its early stages, and the parties have not expended significant resources litigating the case in federal court. The Court has not resolved any dispositive issues, and it has not acquired any particular knowledge of the facts of the case. The state court more frequently handles issues involving state anti-discrimination law. It would not be unfair to defendants to remand the case: they have known since the case was removed that plaintiff might seek to dismiss the federal claim and seek to return to state court. Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART plaintiff's motion to amend (Dkt. #26) as set forth above. The Court declines to exercise supplemental jurisdiction

1 and REMANDS this case to King County Superior Court.

DATED this 27th day of January, 2010.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
TO AMEND AND REMANDING CASE - 3